UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00007-GNS-LLK

JACLYN B. SUTTON                                                                                    PLAINTIFF

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                                                      DEFENDANT

# MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Objection to the Magistrate Judge's Report and Recommendation (DN 21). For the reasons discussed below, Defendant's Objections (DN 21) are **OVERRULED**, and the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R. & R.") (DN 19) is **ADOPTED**.

## I.   BACKGROUND

Plaintiff filed a complaint seeking judicial review of the Commissioner's decision denying her claim for social security benefits. (Compl., DN 1). The R. & R. recommended that this Court remand Plaintiff's benefits claim on the ground that the decision of the Administrative Law Judge ("ALJ") rejecting Plaintiff's claim was not supported by substantial evidence. (R. & R. 8, DN 19). Defendant filed objections to the R. & R., and Plaintiff responded to those objections. (Def.'s Obj. R. &. R., DN 21 [hereinafter Def.'s Obj.]; Pl.'s Resp. Def.'s Obj. R. &. R., DN 24 [hereinafter Pl.'s Resp.]). The facts pertinent to Defendant's objections are as follows:

A.   **Plaintiff's Disability**

In July 2011, Plaintiff Jaclyn Sutton ("Sutton") sought treatment for a lower-back impairment that radiated pain into her lower extremities. (Administrative R. at 346 [hereinafter R.]). Dr. Quinn Regan ("Dr. Regan") performed a micro-discectomy to address a large herniation on the left-side of Plaintiff's lower-back. (R. at 346-47). Notwithstanding this procedure, Plaintiff's impairment continued to cause her pain. (R. at 511).

A few months after her surgery, Dr. Regan signed a work release on Plaintiff's behalf. (R. at 333). In the release, Dr. Regan indicated that Plaintiff could work four-hour shifts that allow for alternate sitting/standing and that she should not work more than sixteen hours per week. (R. at 333). As a result, Plaintiff returned to her job at Home Depot, where she worked until she was terminated in November 2012. (R. & R. 3).

Nearly two years later, Plaintiff discovered additional information related to her back pain. Essentially, Plaintiff was hospitalized for acute pyelonephritis (an inflamed kidney). (R. at 469). To treat the inflammation, medical personnel performed a CT-scan on Plaintiff's abdomen, and, in doing so, observed: "Marked degenerative changes in the lower lumbar spine with osteophyte complexes at L4-L5 and L5-S1 that contribute to moderate to severe spinal canal stenosis (abnormal narrowing of a tubular structure)." (R. at 471-72). Medical personnel further noted that their findings "may represent calcified disc herniation[]." (R. at 472).

B.   **Plaintiff's Application for Disability Benefits & the ALJ's Decision**

Plaintiff filed an application for disability insurance and supplemental security income benefits on March 25, 2014, alleging that an impairment in her lower-back rendered her disabled. (R. at 27). In support of her claim, Plaintiff submitted documentation evidencing her back surgery, as well as the work release Dr. Regan signed on her behalf. (R. at 333, 346-47).

To further substantiate her claim, Plaintiff presented reports prepared by two other physicians: Dr. Michael Meade ("Dr. Meade") and Dr. Jack Reed ("Dr. Reed"). (R. at 93-99, 511-16). Dr. Meade, one of the SSA's one-time examining physicians, examined Plaintiff and concluded that her residual functional capacity allowed her to perform sedentary work. (R. at 511-16). Dr. Reed, however, *did not* examine Plaintiff. As Magistrate Judge King noted in the R. & R., it appears as though Dr. Reed "signed off on (or reaffirmed verbatim) the prior findings of the state-agency single decisionmaker (SDM) Donald Bragg [("Bragg")]," as Dr. Reed's residual functional capacity ("RFC")[1] assessment form is identical to the documentation that Bragg—a lay person—completed. (R. & R. 3). Like Dr. Meade, Dr. Reed found that Plaintiff should be limited to sedentary work. (R. at 98). Notably, the record is silent as to whether Drs. Meade or Reed analyzed Plaintiff's CT-scan results in preparing their reports, and whether Dr. Reed reviewed Dr. Meade's physical examination findings before completing the form.

Notwithstanding the fact that the three medical opinions suggested that Plaintiff be confined to sedentary work, the ALJ issued a decision denying Plaintiff's application and ruling that her RFC allowed her to perform light work.[2] (R. at 27-40). In reaching this conclusion, the ALJ gave "little weight" to Drs. Regan's and Meade's opinions. (R. at 36-37). Dr. Regan's opinion, the ALJ noted, was dated and "based on the [Plaintiff's] subjective report" of her condition. (R. at 37). Dr. Meade's opinion was discounted because "his examination findings were normal and, thus, not supportive of his opinion." (R. at 36). The ALJ then gave "great weight" to *parts* of Dr. Reed's assessment, but discredited "the portion of [his] opinion that the

---

[1] As the R. & R. explained, RFC is "what an individual can still do despite his or her limitations." (R. & R. 4 (citation omitted)).
[2] The Court notes that the ALJ analyzed Plaintiff's claim pursuant to the five-step evaluation process set forth at 20 C.F.R. § 404.1520(a). Given that only the fifth step in the process—which requires the ALJ to consider the claimant's RFC—is at issue, the Court will only discuss the ALJ's decision in the context of that step.

3

[Plaintiff] could stand and walk up to two hours in an eight-hour period . . . ." (R. at 37). The ALJ reasoned: "Despite the claimant's morbid obesity, the documented findings and symptoms do not demonstrate that the claimant had *recurring* abnormal gait, joint instability swelling, crepitus, or limited range of motion to support these restrictions." (R at 37 (emphasis in original)). In this way, the ALJ credited only one aspect of the medical evidence: a portion of a non-examining physician's RFC assessment form suggesting that Plaintiff could occasionally and frequently lift and/or carry enough weight to permit her to perform light rather than sedentary work.

C. **Report & Recommendation**

In response to Plaintiff's claim for judicial review of the ALJ's decision, Magistrate Judge King recommended that this Court vacate the ALJ's decision insofar as it concluded that Plaintiff could perform light work. (R. & R. 7). To support this recommendation, Magistrate Judge King noted that the ALJ essentially rejected all of the medical evidence and "played doctor"—particularly in light of the fact that no physician concluded that Plaintiff could perform light work. (R. & R. 4-7). The R&R also pointed out that the record suggested that "[n]o qualified medical source [ever] evaluated Plaintiff's complaints of low-back pain" in light of the results of the CT-scan, which Magistrate Judge King found highly problematic given that the CT-scan results could explain Plaintiff's pain. (R. & R. 2). The R&R thus concluded that the ALJ's decision to designate Plaintiff as capable of performing light work was not supported by substantial evidence.

Defendant then objected to Magistrate Judge King's conclusion that the ALJ's finding that Plaintiff could perform light work was not supported by substantial evidence. In support of its position, Defendant noted that Dr. Reed's opinion supports the ALJ's finding. (Def.'s Obj.

5). Defendant further claimed that neither the ALJ nor the medical professionals reviewing Plaintiff's medical history ignored the results of her CT-scan because Bragg, a laymen, prepared a report discussing the CT-scan and Dr. Reed developed the RCF assessment form based on Bragg's report and "*all* of the medical evidence that was submitted . . . ." (Def.'s Obj. 2-3 (emphasis in original)). Defendant's objections are ripe for adjudication.

## II. <u>JURISDICTION</u>

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III. <u>STANDARD OF REVIEW</u>

The parts of a Magistrate Judge's R. & R. to which objections are raised are reviewed by the district judge *de novo*. 28 U.S.C. § 636(b)(1). This differs from the standard applied to the Commissioner's decision. That decision, rendered by an ALJ, is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). Evidence that a "reasonable mind might accept as adequate to support a conclusion" is substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted) (citation omitted). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (internal quotation marks omitted) (citation omitted). Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). A court should not attempt to second-guess the factfinder with respect to conflicts of evidence or questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted).

## IV.  DISCUSSION

Defendant objects to the R. & R. on the ground that Magistrate Judge King erred when he concluded that the ALJ's finding that Plaintiff could perform light work was not supported by substantial evidence.  Defendant claims substantial evidence supports the ALJ's decision because Dr. Reed analyzed the results of Plaintiff's CT-scan in the context of her lower-back impairment and concluded that Plaintiff could perform light work.  (Def.'s Obj. 4-7).

At the outset, Defendant's objection rests on the mistaken assumption that Dr. Reed concluded that Plaintiff could perform light work; he did not.[3]  Dr. Reed's RFC assessment form explicitly states that Plaintiff's RFC is for *sedentary work*.  (R. at 98).  Beyond that, other findings in Dr. Reed's assessment suggest that Plaintiff's RFC is for sedentary work.  For instance, the form states that Plaintiff is only capable of standing and/or walking—"with normal breaks"—for a total of two hours per shift, and that, when sitting, she cannot readily "[p]ush and/or pull" because she is "[l]imited in her lower extremities."  (R. at 95).  By definition, however, light work "requires a good deal of walking or standing, or  . . . sitting most of the time with some pushing and pulling of arm or leg controls. . . ."  20 C.F.R. § 404.1567(b).  Thus, the bulk of Dr. Reed's assessment form does not support the ALJ's finding that Plaintiff is capable of performing light work; it logically follows that the assessment cannot constitute "substantial evidence" justifying the ALJ's conclusion.  *See Richardson*, 402 U.S. at 401.

The Court's conclusion that the ALJ's finding is not supported by substantial evidence is underscored by the fact that the ALJ only credited a portion of a medical opinion prepared by a *non-examining* physician who appears to have done nothing more than adopt the lay opinion of

---

[3] The Court notes that Dr. Reed's RFC assessment form does not support a finding that Plaintiff is capable of performing light work, regardless of whether Dr. Reed took the results of Plaintiff's CT-scan into account when forming his opinion.

Bragg in its entirety. (R. at 36-37). The Sixth Circuit has suggested that ALJs should be cautious when relying on assessments generated under similar circumstances. *See Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 650 (6th Cir. 2011) ("This court cannot help but note that the administrative record reflects that [the doctor] did not reach []his conclusion independently; he was provided with a completed residual functional capacity test and asked to sign it" if he agreed with it.). Likewise, other circuits have reasoned that "[o]pinions of [non-examining physicians] ordinarily do not constitute substantial evidence on the record as a whole." *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000) (citation omitted).

Contrary to Defendant's position, the fact that the ALJ gave "great weight" to the portion of Dr. Reed's opinion that Plaintiff satisfies the lifting requirements for light work does not prevent remand; rather, it highlights Magistrate Judge King's conclusion that the ALJ effectively "played doctor." (R. & R. 5). Indeed, of the three medical opinions in the record, the portion of Dr. Reed's opinion regarding Plaintiff's lifting abilities is the *only* one that suggests Plaintiff's RFC is for light work, and, correspondingly, it is the only portion that the ALJ credited. (*See* R. at 95-98, 333, 346-47, 511-16). Implicitly, then, the ALJ concluded based on her own interpretation of the medical data that Dr. Reed's finding that Plaintiff could satisfy the lifting requirements of light work outweighed his ultimate conclusion—and the ultimate conclusions of Drs. Regan and Meade—that Plaintiff could only perform sedentary work. (R. at 95-98, 333, 346-47, 511-16). As Magistrate Judge King noted with respect to the ALJ's reasoning: "lay intuitions about medical phenomena are often wrong" and therefore ALJs "must be careful not to succumb to the temptation to play doctor." (R. & R. 6 (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (citation omitted))).

Thus, as Magistrate Judge King concluded, the ALJ's decision that Plaintiff is capable of performing light work is not supported by substantial evidence. (R. & R. 7). As a result, the Court will remand this matter to the Commissioner for further proceedings.

## V. CONCLUSION

For the reasons discussed above, Defendant's Objection to the Magistrate Judge's Report and Recommendation (DN 21) is **OVERRULED**, and the Magistrate Judge's Report and Recommendation (DN 19) is **ADOPTED**. This matter is therefore **REMANDED** to the Commissioner for a new decision and further administrative proceedings not inconsistent with this opinion or Magistrate Judge King's Report and Recommendation.

**Greg N. Stivers, Judge**
**United States District Court**

March 26, 2018

cc: counsel of record